**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 05-4296**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DIONNE REBECCA ROBINSON,

Defendant - Appellant.

─────────────

**No. 05-4297**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DIONNE REBECCA ROBINSON,

Defendant - Appellant.

─────────────

Appeals from the United States District Court for the Middle District of North Carolina, at Durham. Frank W. Bullock, Jr., District Judge; James A. Beaty, Jr., District Judge. (CR-00-41; CR-04-385)

─────────────

Submitted: March 13, 2006      Decided: March 27, 2006

─────────────

Before WILLIAMS, TRAXLER, and SHEDD, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Douglas Cannon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In January 2001, Dionne Rebecca Robinson pled guilty pursuant to a plea agreement to embezzlement of funds, in violation of 18 U.S.C. § 656 (2000). The district court sentenced Robinson to four months' imprisonment and five years' supervised release. In November 2004, after Robinson's release from incarceration but while she was still on supervised release status, Robinson pled guilty to falsifying a court order, in violation of 18 U.S.C. § 1506 (2000); and mail fraud, in violation of 18 U.S.C. § 1341 (2000). The district court sentenced Robinson to eighteen months' imprisonment on the convictions to which she pled guilty in 2004 (No. 05-4297). Further, the district court revoked Robinson's supervised release on her 2001 conviction and imposed a four-month term of imprisonment, to run consecutive to her eighteen-month sentence (No. 05-4296). Robinson timely appealed.

Robinson's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his opinion, there exist no meritorious grounds for appeal. However, counsel addresses whether the district court sentenced Robinson in an unlawfully harsh manner with respect to both the revocation of her supervised release and her 2004 criminal offenses. Although notified of her right to do so, Robinson elected not to file a pro se supplemental brief.

We conclude that the district court did not abuse its discretion in imposing a four-month term of imprisonment upon revocation of Robinson's supervised release. (No. 05-4296). See United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995). Moreover, the sentence was within the recommended guideline range and the statutory maximum range, see 18 U.S.C. § 3583(e)(3) (2000); U.S. Sentencing Guidelines Manual § 7B1.4(a) (2000), and it was reasonable. Accordingly, we affirm the sentence imposed on supervised release.

Robinson's sentence for her 2004 offenses (No. 05-4297) likewise was reasonable. After the Supreme Court's decision in Booker, a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Green, 436 F.3d 449, 455-56 (4th Cir. 2006); United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005).

We will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range. Hughes, 401 F.3d at 546-47; see also Green, 436 F.3d at 455-56. This court has further stated that "while we believe that the appropriate circumstances for imposing a sentence outside the guideline range will depend on the facts of individual cases, we have no reason to doubt that most sentences will continue to fall within the applicable guideline range." United States v. White, 405 F.3d 208, 219 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005). We find the

district court properly calculated the guideline range and appropriately treated the guidelines as advisory. The court sentenced Robinson only after considering and examining the sentencing guidelines and the factors set forth in § 3553(a). The court also clearly stated that it deemed the sentence appropriate under the circumstances. Based on these factors, and because the court sentenced Robinson within the applicable guideline range and the statutory maximum, we find that Robinson's sentence of eighteen months' imprisonment is reasonable.

In accordance with <u>Anders</u>, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm the district court's judgments. We deny counsel's motion to withdraw from further representation. This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>